# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAQUINALES,<br><br>    Plaintiff,<br><br>  v.<br><br>OGBUEHI, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01093 DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

Plaintiff Richard Maquinales ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 26, 2013, and the action was transferred to this Court on July 1, 2013. He names Pleasant Valley State Prison ("PVSP") Correctional Officers Ornelas and Yeadon, PVSP Nurse Practitioner Ogbuehi, PVSP Dr. Nguyen and PVSP Registered Nurse Malloy as Defendants.[1]

**A.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 29, 2013.

1

1  § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
2  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .
3  fails to state a claim upon which relief may be granted." 28 U.S.C.
4  § 1915(e)(2)(B)(ii).

5  A complaint must contain "a short and plain statement of the claim showing that the pleader
6  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
7  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
8  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
9  550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to
10 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual
11 allegations are accepted as true, legal conclusions are not. Id.
12 Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal
13 rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir
14 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297
15 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each
16 named defendant to a violation of his rights; there is no respondeat superior liability under section
17 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th
18 Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.
19 Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556
20 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere
21 possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678;
22 Moss, 572 F.3d at 969.

23 **B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

24  Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi,
25 California. The events occurred while Plaintiff was incarcerated at PVSP.

26  Plaintiff alleges that on December 21, 2012,[2] he was working in the scullery. At 4:30 a.m.,
27 the scullery dishwashing machine was broken and hot water containing Powerwash, a chemical,

---

[2] Plaintiff lists the date as December 21, 2013, but given the timing of events and his exhibits, it appears the correct year is 2012. The exhibits also indicate that the injury occurred on December 17, 2012.

2

burned his left foot. Plaintiff received first and second degree burns. He notified a supervisor and was taken to medical, but was not seen by a doctor.

Plaintiff later saw Defendant Nguyen,[3] but he did not prescribe anything and Plaintiff was not called back for three weeks. During those three weeks, Plaintiff was forced to work and his foot became infected, leaving a hole in his foot, scars and nerve damage.

On January 15, 2013, Plaintiff saw Defendant Ogbuehi, but he alleges that she did not know what to do about the burn on his foot.[4] Plaintiff told her that his foot hurt and was infected, but she did not prescribed any dressings or an MRI. Plaintiff also asked for shoes, but Defendant Ogbuehi told him that he had shoes and didn't need a chrono.

Plaintiff also alleges that on January 15, 2013, he was in pain and could not walk. He contends that he was forced to get up at 4:30 a.m. and go to work. He alleges that Defendant Yeadon knew he was injured but didn't care. Plaintiff stayed in his cell, unable to go to work. He was given a Rules Violation Report and received extra time in prison.

Plaintiff alleges that he was placed in Administrative Segregation while he was receiving treatment for his foot. He alleges that while the nurse was trying to treat him, Defendant Ornelas took Plaintiff from his cell and told him not to talk to the nurse. Plaintiff alleges that because of Ornelas, he never received treatment.

Finally, Plaintiff alleges that on May 17, 2013, he was sick and was a high risk inmate due to his disability. He saw Defendant Malloy and she denied Plaintiff's request to be checked for Valley Fever even though he was having symptoms. Plaintiff alleges that Defendant Malloy said, "Illegal aliens are not eligible for free health care." He also alleges that Defendant Malloy turned off the blood pressure machine so the reading would be lower. Plaintiff states that he does not have Valley Fever.

Based on these allegations, Plaintiff alleges violations of the Eighth Amendment. He seeks $3,000,000 in damages and better medical treatment. He also requests that he be released from prison, or that two years be taken off his sentence.

---

[3] According to medical records attached as exhibits, he saw Defendant Nguyen on December 21, 2012.

[4] According to the medical records attached as exhibits, Plaintiff saw Defendant Ogbuehi on January 10, 2013, and January 14, 2013.

3

**C.     DISCUSSION**

    1.     <u>Eighth Amendment- Medical Care</u>

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. <u>Snow v. McDaniel</u>, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); <u>Wilhelm</u>, 680 F.3d at 1122. Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096) (internal quotation marks omitted).

    a.     Defendant Ogbuehi

Plaintiff contends that Defendant Ogbuehi "acted maliciously" when she denied him treatment and supplies for his burn. His allegations, however, do not demonstrate that she acted with deliberate indifference. Indeed, Plaintiff alleges that she "didn't know what to do" about his foot. Compl. 10. Her alleged failure to know how to treat Plaintiff's foot, even if true, does not rise to the level of deliberate indifference, i.e., that she "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837.

The medical records[5] that Plaintiff attaches to his complaint also undermine his contention that (a) she did not know what to do; and/or (b) did not provide treatment or supplies. The records show that Plaintiff saw Defendant Ogbuehi first on January 10, 2013. After an examination, she prescribed Keflex and an antibiotic ointment, increased his Tylenol dosage and issued a chrono for

---

[5] Plaintiff does not dispute the accuracy of any of the medical records.

4

insoles. She instructed Plaintiff not to pick at the scab and indicated that Tylenol #3 was not medically necessary based on her exam.

Plaintiff saw her again on January 14, 2013. After an examination, she prescribed Bactrim, Tylenol #3, and another medication. Defendant Ogbuehi also ordered x-ray. The x-ray, taken that same day, was normal.

Any disagreement that Plaintiff may have had with Defendant Ogbuehi's treatment does not constitute an Eighth Amendment violation. "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).

Plaintiff therefore fails to state a claim against Defendant Ogbuehi.

        b.     Defendant Nguyen

Plaintiff alleges that Defendant Nguyen "acted maliciously" when he did not follow protocol for a first degree burn and infection. Again, however, despite Plaintiff's use of the legal phrase "acted maliciously," Plaintiff fails to allege that Defendant Nguyen acted with deliberate indifference. At most, Plaintiff's allegations suggest negligence and do not rise to the level of an Eighth Amendment violation. An Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

According to his exhibits, Plaintiff saw Defendant Nguyen on December 21, 2012. After an examination, Defendant Nguyen prescribed Tylenol #3 and other medications. Assuming Plaintiff disagreed with his treatment, he "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff makes no such showing and therefore fails to state a claim against Defendant Nguyen.

c.  Defendant Ornelas

Plaintiff contends that Defendant Ornelas "acted maliciously" when she delayed his medical treatment while he was in pain. He alleges that while the nurse was trying to treat him, Defendant Ornelas took Plaintiff from his cell and told him not to talk to the nurse. Plaintiff alleges that because of Defendant Ornelas, he never received treatment.

Plaintiff's allegations against Defendant Ornelas are vague and do not allege deliberate indifference. While a delay of medical treatment can form the basis of an Eighth Amendment claim, Plaintiff's allegations are not sufficient to do so here.

Moreover, Plaintiff's medical records call into question his repeated allegations that he did not receive treatment. His records show that while he was in Administrative Segregation, the time period that appears to involve Defendant Ornelas, he was seen numerous times and received his medication. The records also show that at least from January 30, 2013, through February 25, 2013, Plaintiff was repeatedly escorted to medical for wound care. On February 26, 2013, Plaintiff's primary care physician instructed Plaintiff to discontinue the "wet to dry" dressing and apply a simple topical protective dressing as needed. The following day, Plaintiff was provided with supplies and instructions.

d.  Defendant Malloy

Plaintiff alleges that Defendant Malloy "acted maliciously" when she denied Plaintiff treatment for Valley Fever, did not follow-up and did not move him to a safe atmosphere to prevent infection.

First and foremost, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

Here, Plaintiff's allegations against Defendant Malloy are not related to the allegations arising from treatment for his foot. Plaintiff did not see Defendant Malloy until May 2013, months after the medical treatment received for his foot. Moreover, Defendant Malloy was not involved

6

with Plaintiff's foot treatment, but rather appears related to Plaintiff's allegations related to Valley Fever. Claims against Defendant Malloy must be brought in a separate action.

Additionally, Plaintiff's medical records undermine his contention that Defendant Malloy failed to provide treatment for Valley Fever. In fact, Plaintiff alleges that he *never had* Valley Fever. According to his medical records, he was examined on May 17, 2013, but a Valley Fever test was not indicated. He was seen again on May 20, 2013, when he continued to complain of symptoms. On May 21, 2013, Plaintiff continued to complain of symptoms, and although there were no apparent issues, the doctor ordered a test for Valley Fever.

Plaintiff therefore fails to state a claim against Defendant Malloy.

2.  Eighth Amendment- Conditions of Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737, 122 S.Ct. 2508 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14

7

1  (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d
2  1124, 1128 (9th Cir. 1998).

3  Here, Plaintiff contends that Defendant Yeadon was deliberately indifferent when he forced
4  him to work while he was injured. He alleges that on January 15, 2013, Defendant Yeadon knew he
5  was in pain, but didn't care. Plaintiff stayed in his cell and received a Rules Violation Report.

6  Plaintiff's claim under the Eight Amendment appears to be that Defendant Yeadon forced
7  him to work while he was injured. According to the facts, however, Plaintiff stayed in his cell and
8  refused to work. This does not support an Eighth Amendment claim. To the extent that Plaintiff
9  points to the resulting Rules Violation Report, the issuance of the report also fails to support an
10 Eighth Amendment claim.

11 The Court also notes that although Plaintiff states that he received extra time in prison after
12 the hearing, the attached exhibits show that credit forfeiture was not imposed because it was only an
13 administrative offence. Instead, Plaintiff lost certain privileges for ten days.

14 Accordingly, Plaintiff fails to state a claim against Defendant Yeadon.

15 **D.    CONCLUSION AND ORDER**

16 Plaintiff's complaint fails to state a claim under section 1983. The Court will provide
17 Plaintiff with one opportunity to file an amended complaint, **if he believes in good faith he can**
18 **cure the deficiencies identified above.** Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll
19 v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit
20 by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607
21 (7th Cir. 2007) (no "buckshot" complaints).

22 Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what
23 each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556
24 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
25 right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).
26 Finally, an amended complaint supersedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d
27 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be
28 "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, without prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated: **February 3, 2014**         /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE