# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MAQUINALES, | Case No. 1:13-cv-01093 DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED |
| v. | |
| OGBUEHI, et al., | |
| Defendants. | |

Plaintiff Richard Maquinales ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 26, 2013, and the action was transferred to this Court on July 1, 2013.[1]

On February 14, 2014, Plaintiff filed a First Amended Complaint ("FAC") after the Court determined that his original complaint failed to state a claim for which relief could be granted. Plaintiff names Pleasant Valley State Prison ("PVSP") Nurse Practitioner Ogbuehi and Correctional Officer Ornelas as Defendants.

## A. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 29, 2013.

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
2  monetary relief from a defendant who is immune from such relief.  28 U.S.C.
3  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid,
4  the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .
5  fails to state a claim upon which relief may be granted."  28 U.S.C.
6  § 1915(e)(2)(B)(ii).

7       A complaint must contain "a short and plain statement of the claim showing that the pleader
8  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
10 do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
11 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to
12 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
13 allegations are accepted as true, legal conclusions are not.  Id.

14      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
15 federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
16 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
17 Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or
18 omissions of each named defendant to a violation of his rights; there is no respondeat superior
19 liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
20 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
21 Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim
22 for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
23 The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.
24 at 678; Moss, 572 F.3d at 969.

25
26
27
28

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Institution in Tehachapi, California. The events occurred while Plaintiff was incarcerated at PVSP.

Plaintiff's FAC contains considerably less factual allegations than his original complaint. He alleges that he suffered an injury in the scullery that resulted in third degree burns on his left foot.

Plaintiff contends that he sought medical treatment but did not receive it. When he saw Defendant Ogbuehi, his foot was infected. Plaintiff alleges that Defendant Ogbuehi did not care and failed to give him antibiotics or any kind of medical treatment.

Three weeks later, Plaintiff saw a different doctor. He was still in pain and the burn was infected.

Plaintiff was in Administrative Segregation ("Ad-Seg"), but he was not given his antibiotics. Plaintiff alleges that Defendant Ornelas denied him medical treatment when his foot was supposed to be wrapped. Plaintiff alleges that Defendant Ornelas knew that his foot was infected, but she threatened and assaulted him for requesting medical treatment.

For relief, Plaintiff requests $2,000,000 in damages. He also requests that he be released from prison so that he can seek treatment for all of his medical conditions.

**C.      DISCUSSION**

   1.      Eighth Amendment- Medical Care

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be

3

shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

2.  Analysis

As an initial matter, the Court notes that Plaintiff does not include the medical records that were attached as exhibits to his original complaint.  In the prior screening order, the Court explained to Plaintiff that his medical records undermined his claims against both Defendant Ogbuehi and Defendant Ornelas.  Although Plaintiff's FAC supercedes his original complaint, Plaintiff's original complaint and exhibits are part of the Court's docket.  Accordingly, the Court will take judicial notice of Plaintiff' medical records as necessary throughout this order.

a.  *Defendant Ogbuehi*

Plaintiff alleges that he sought treatment from Defendant Ogbuehi for the burn on his left foot, but Defendant Ogbuehi did not care, refused antibiotics and did not render any medical treatment.

Plaintiff's medical records again wholly undermine his claim.[2]  The records show that Plaintiff saw Defendant Ogbuehi first on January 10, 2013.  After an examination, she prescribed Keflex and an antibiotic ointment, increased his Tylenol dosage and issued a chrono for insoles.  She instructed Plaintiff not to pick at the scab and indicated that Tylenol #3 was not medically necessary based on her exam.  ECF No. 3-1, 46.  Plaintiff saw her again on January 14, 2013.  After an examination, she prescribed Bactrim, Tylenol #3, and another medication.  Defendant Ogbuehi also ordered an x-ray.  The x-ray, taken that same day, was normal.  ECF No. 3-1, 47.

Plaintiff cannot simply omit key facts and/or ignore the medical records attached to his original complaint.  In fact, in light of the contradictory medical records, the Court told Plaintiff in the prior screening order that he should only amend *if he can do so in good faith*.  Given the circumstances, Plaintiff's attempt at amending does not appear to have been made in good faith.

Plaintiff fails to state a claim against Defendant Ogbuehi.

---

[2] Plaintiff does not dispute the accuracy of any of the medical records.

4

b. *Defendant Ornelas*

Plaintiff contends that Defendant Ornelas denied him medical treatment despite knowing that his foot was infected. He also alleges that when Plaintiff requested medical treatment, Defendant Ornelas threatened and assaulted him.

Again, Plaintiff's medical records call into question his repeated allegations that he did not receive treatment. His records show that while he was in Ad-Seg, the time period that appears to involve Defendant Ornelas, he was seen numerous times and received his medication. On January 18, 2013, Plaintiff requested a medication refill and stated that he was taking antibiotics but had not received them since he came to Ad-Seg. He saw a nurse on January 20, 2013, and the medication issue was resolved. ECF No. 3-1, 29.

The records also show that at least from January 30, 2013, through February 25, 2013, Plaintiff was escorted to the medical clinic for wound care on at least nineteen days. ECF No. 3-1, 33-35. On February 26, 2013, Plaintiff's primary care physician instructed Plaintiff to discontinue the "wet to dry" dressing and apply a simple topical protective dressing as needed. ECF No. 3-1, 30. The following day, Plaintiff was provided with supplies and instructions. ECF No. 3-1, 36.

Insofar as Plaintiff alleges that Defendant Ornelas threatened him and assaulted him for requesting medical care, the Court notes that the vague assault allegation was not included in the original complaint. While the Court recognizes that an assault by a correctional officer may rise to the level of an Eighth Amendment violation based on the use of excessive force, Plaintiff's allegations are (1) vague and unsupported by factual allegations; and (2) contradicted by his medical records. In other words, Plaintiff alleges that Defendant Ornelas denied him medical treatment and assaulted him for requesting it, yet his medical records clearly show that he was provided with constant medical treatment for his burn. Under these circumstances, and given Plaintiff's attempt to ignore contradictory evidence previously presented to the Court, the Court finds that Plaintiff's assault allegations do not state a plausible claim for relief.

Accordingly, Plaintiff fails to state a claim against Defendant Ornelas.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983. Plaintiff has been provided with an opportunity to amend, but he has failed to correct the deficiencies. The Court does not find that further leave to amend is warranted and this action is DISMISSED WITHOUT LEAVE TO AMEND.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **July 9, 2014**                              /s/ *Dennis L. Beck*
                                                                    UNITED STATES MAGISTRATE JUDGE